1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   JEFFREY MARSHALL,                          No. CIV S-04-1841-LKK-CMK-P

12              Plaintiff,

13         vs.                                  FINDINGS AND RECOMMENDATIONS

14   FAIRFIELD POLICE
     DEPARTMENT, et al.,

15
              Defendants.
16
     _____/
17

18         Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil

19   rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended

20   complaint (Doc. 27), filed on October 14, 2005.[1]

21         The court is required to screen complaints brought by prisoners seeking relief

22   against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

23   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

24
     _____
       [1]     While two documents entitled "Second Amended Complaint" were filed with this
25   court on October 14, 2005, and October 21, 2005, pursuant to the court's October 28, 2005,
     order, plaintiff has informed the court he wishes to proceed on the October 14, 2005, filing.  The
26   October 21, 2005, filing will, therefore, be disregarded.

                                              1

1   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

2   from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

3   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

4   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

5   This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

6   84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are

7   satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds

8   upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff

9   must allege with at least some degree of particularity overt acts by specific defendants which

10  support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it

11  is impossible for the court to conduct the screening required by law when the allegations are

12  vague and conclusory.

13          Here, the gravamen of plaintiff's complaint is that his arrest and resulting

14  conviction were the product of an illegal search and seizure.  Plaintiff names as defendants

15  various officers of the Fairfield Police Department, as well as the department itself.  When a

16  state prisoner challenges the legality of his custody and the relief he seeks is a determination that

17  he is entitled to an earlier or immediate release, such a challenge is not cognizable under 42

18  U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a writ of habeas corpus.

19  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818,

20  824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per

21  curiam).  Similarly, where a § 1983 action seeking monetary damages or declaratory relief

22  alleges constitutional violations which would necessarily imply the invalidity of the prisoner's

23  underlying conviction or sentence, such a claim is not cognizable under § 1983 unless the

24  conviction or sentence has first been invalidated on appeal, by habeas petition, or through some

25  similar proceeding.  See Edwards v. Balisok, 520 U.S. 641, 646 (1987) (holding that § 1983

26  claim not cognizable because allegations of procedural defects and a biased hearing officer

1    implied the invalidity of the underlying prison disciplinary sanction); Heck v. Humphrey, 512

2    U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because allegations were akin to

3    malicious prosecution action which includes as an element a finding that the criminal proceeding

4    was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023, 1024-25 (9th Cir. 1997)

5    (concluding that § 1983 claim not cognizable because allegations of procedural defects were an

6    attempt to challenge substantive result in parole hearing); see also Neal, 131 F.3d at 824

7    (concluding that § 1983 claim was cognizable because challenge was to conditions for parole

8    eligibility and not to any particular parole determination).  In particular, where the claim

9    involves loss of good-time credits as a result of an adverse prison disciplinary finding, the claim

10   is not cognizable.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

11           If a § 1983 complaint states claims which sound in habeas, the court should not

12   convert the complaint into a habeas petition.  See id.; Trimble, 49 F.3d at 586.  Rather, such

13   claims must be dismissed without prejudice and the complaint should proceed on any remaining

14   cognizable § 1983 claims.  See Balisok, 520 U.S. at 649; Heck, 512 U.S. at 487; Trimble, 49

15   F.3d at 585.

16           In this case, plaintiff's claims regarding the constitutionality of his underlying

17   arrest, if successful, would necessarily imply the invalidity of his conviction.  As such, plaintiff's

18   claim is not cognizable under § 1983.

19           Because it does not appear possible that the deficiencies identified herein can be

20   cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

21   the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

22           Based on the foregoing, the undersigned recommends that this action be

23   dismissed without prejudice.

24   ///

25   ///

26   ///

1    These findings and recommendations are submitted to the United States District

2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

3  after being served with these findings and recommendations, any party may file written

4  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

5  Findings and Recommendations."  Failure to file objections within the specified time may waive

6  the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

7

8  DATED:   December 9, 2005.

9

10                                                    _____
                                                      **CRAIG M. KELLISON**
11                                                    UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26